IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**LARRY E. SITES**,

    Plaintiff,

vs.

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

    Defendant.

Civil Case No. 10-477-KI

OPINION AND ORDER

  Larry E. Sites
  11933 SE Ankeny, Apt. 2
  Portland, Oregon  97216

    Pro Se Plaintiff

  Dwight C. Holton
  United States Attorney
  District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

David P. Johnson
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Larry Sites brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  Before the court is the Commissioner's Motion to Dismiss Complaint (#12).

## FACTS

The Commissioner denied Sites' applications for benefits initially and on reconsideration. In the notice denying reconsideration, sent on April 9, 2009, Sites was told that if he believed the reconsideration decision was incorrect, he must request a hearing before an ALJ within 60 days from the date he received the notice.  The Commissioner did not receive a Request for Hearing from Sites until August 26, 2009, 74 days late assuming five days for mailing.

Sites told the ALJ that he received the notice but missed the deadline to request a hearing because he did not realize that he had only 60 days in which to file an appeal.  The ALJ found

Sites' explanation did not amount to good cause and found that he was capable of reading and understanding the instructions on when to file the request for a hearing. The ALJ dismissed Sites' request for a hearing and stated that the reconsideration denial remained in effect. Sites requested review by the Appeals Council, which it denied.

## DISCUSSION

Judicial review of claims arising under Title II or Title XVI of the Social Security Act is authorized and limited by 42 U.S.C. § 405(g). Section 405(g) "'clearly limits judicial review to a particular type of agency action, *a final decision* of the Secretary made *after a hearing*.'" Subia v. Comm'r of Social Sec., 264 F.3d 899, 902 (9th Cir. 2001) (quoting Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980 (1977)). The ALJ's dismissal of the request for a hearing, as in Sites' situation, is not an ALJ's final decision after a hearing. See id. (ALJ dismissed request for hearing after claimant and counsel failed to appear without good cause; no hearing and no final decision occurred). Thus, the Commissioner never made a final decision and Sites failed to exhaust his administrative remedies.

The court may waive a failure to exhaust administrative remedies and grant judicial review if the claimant asserts a colorable constitutional claim. Id. Sites neither responded to this motion to dismiss nor raised a colorable constitutional claim before the ALJ or in his Complaint. I decline to waive the failure to exhaust administrative remedies, and I dismiss this action.

///

///

## CONCLUSION

Defendant's Motion to Dismiss Complaint (#12) is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this      7th      day of March, 2011.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge